782 F.2d 1044
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
vs.
RAY VON STEWART, Defendant-Appellant.
 84-1084
 United States Court of Appeals, Sixth Circuit.
 12/17/85
 
 Before: MARTIN, CONTIE and WELLFORD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Ray Von Stewart was charged with four counts of aiding and abetting in the interstate transportation of stolen motor vehicles in violation of 18 U.S.C. Secs. 2312 and 2,[1] and convicted on three of these counts. He was sentenced to eighteen months on each of the three counts, the sentences to be served concurrently.
 
 I.
 
 2
 At the defendant's trial, the government called fifteen witnesses to testify. One of these witnesses was Roy McKenzie who had been charged with, and had previously pled guilty to, receiving stolen property in connection with the same car stealing scam. McKenzie testified that he pled guilty pursuant to an agreement with the government whereby he would testify at Von Stewart's trial in exchange for being sentenced to no more than two years in prison. McKenzie was eventually sentenced to five years probation. McKenzie's testimony concerned only two of the four counts in the indictment, of which Von Stewart was acquitted on one of the charges.
 
 
 3
 The defendant argues on appeal that the United States Attorney vouched for McKenzie's credibility and bolstered the witness' testimony during closing argument, thus depriving him of his constitutional right to a fair trial. The Assistant United States Attorney made the following statements during closing argument:
 
 
 4
 Now the Judge is going to instruct you in a little while, after we're done arguing here, that you should look at Roy McKenzie's testimony with care. The reason for that is because Roy McKenzie was an alleged accomplice in the case. He was alleged to be working together with the Defendant. Also, he testified as part of an agreement that he made with the government that he would go to jail for no more than two years in exchange for his truthful testimony. Now the Judge isn't saying that Roy McKenzie offered to testify. That instruction is given practically every time a witness cooperates and testifies as part of that cooperation.
 
 
 5
 You had a chance to see Roy McKenzie on the stand. You have to judge his demeanor, decide whether or not he was trying to hide anything from you, whether he was coming straight out and telling you the truth. You also heard that he's never been in jail before. I ask you--I suspect none of you have been in jail before. Twenty-four months in prison is not a real sweetheart deal if you've never been in jail before. It's quite a long time. There's no basis for him to lie here. He's been sentenced already for his part. If he lied on the stand now, that would just expose even more charges.
 
 
 6
 So look at his testimony with care and consider his demeanor. I submit to you that he was not holding anything back from you.
 
 
 7
 Defendant's counsel objected to this testimony at trial and the judge overruled the objection. The italicized portions of the prosecutor's closing argument are the subject of the present appeal.
 
 II.
 
 8
 A United States Attorney, as representative of a sovereignty, not only has the responsibility of prosecuting with vigor, but '[i]t is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one.' Berger v. United States, 295 U.S. 78, 88 (1935). Due to the unique role United States Attorneys play, they are 'held to a higher standard of behavior' than other attorneys. United States v. Young, 105 S. Ct. 1038, 1052 (1985) (Brennan, J., concurring in part, dissenting in part). To protect a defendant's fifth amendment right to a fair trial, therefore, a United States Attorney must refrain from expressing a personal opinion about a witness' credibility or the defendant's guilt, or from leading the jury to believe that he is aware of other evidence not produced at trial which would imply that he has personal knowledge that the witness is testifying truthfully. See United States v. Leon, 534 F.2d 667, 679 (6th Cir. 1976); United States v. Bess, 593 F.2d 749, 753 (6th Cir. 1979); United States v. Creamer, 555 F.2d 612, 617 (7th Cir.), cert. denied, 434 U.S. 833 (1977).
 
 
 9
 The defendant objects to two aspects of the prosecutor's closing arguments: (1) the reference to the plea bargaining agreement (impliedly vouching for the witness' credibility); and (2) the statement 'I submit to you that [Roy McKenzie] was not holding anything back from you' (expressly vouching for the witness' credibility).
 
 
 10
 The reference to, or introduction into evidence of, a witness' plea bargaining agreement has been attacked in the past under the reasoning that it 'constitutes an implied voucher' for the witness' veracity by the prosecutor. United States v. Sims, 719 F.2d 375, 378 (11th Cir. 1983), cert. denied, 104 S. Ct. 1304 (1984). See also, United States v. Creamer, 555 F.2d 612 (7th Cir.), cert. denied, 434 U.S. 833 (1977); United States v. Roberts, 618 F.2d 530 (9th Cir. 1980), cert. denied, 452 U.S. 942 (1981); United States v. Miceli, 446 F.2d 256 (1st Cir. 1971); United States v. Koss, 506 F.2d 1103 (2d Cir. 1974), cert. denied, 420 U.S. 977, and 421 U.S. 911 (1975). We have discovered only one instance where a court has reversed on these grounds. United States v. Roberts, 618 F.2d 530. Roberts is easily distinguishable in that the prosecutor told the jury in his closing arguments that someone had been monitoring the witness' testimony at trial to guarantee its truthfulness. This was a reference to extrinsic evidence not introduced at trial which was designed to imply that the witness was either highly motivated, or was being forced, to testify truthfully. Mentioning evidence not introduced at trial also implied that the prosecutor knew of other evidence the jury was not aware of and that he personally believed that the witness was testifying truthfully.
 
 
 11
 In contrast, mentioning a plea bargaining agreement during closing argument is permissible when the prosecutor does not convey his personal belief that the witness is testifying truthfully or does not imply that he knows more information than the jury knows. United States v. Creamer, 555 F.2d at 617-18. A prosecutor's statement that a witness was obligated to testify truthfully is not reversible error when the prosecutor qualifies this remark by specifying that to testify falsely would constitute perjury, and the court instructs the jury to weigh the testimony with care. United States v. Sims, 719 F.2d at 378.
 
 
 12
 In this case, the Assistant United States Attorney mentioned that McKenzie was testifying pursuant to an agreement with the government, that he had already been sentenced for his previous crime, and to lie at this juncture would be exposing himself to further punishment. The prosecutor did not mention any evidence that was not admitted at trial, nor did he suggest that McKenzie was being forced to testify. Rather, the prosecutor argued that McKenzie would expose himself to further punishment if he committed perjury. This is essentially like Sims, and unlike Roberts. Mentioning the agreement and explaining some of the ramifications of its breach cannot 'be reasonably construed to be based on personal belief,' which is the threshold question in a prosecutorial misconduct case. United States v. Bess, 593 F.2d 749, 756 (6th Cir. 1979).
 
 
 13
 This court has previously held that the phrase 'I submit' is not equivalent to 'I believe.' United States v. Stulga, 584 F.2d 142 (6th Cir. 1978). In Stulga, this court reasoned that '[t]he use of the words 'I submit' are not the equivalent of expressing a personal opinion. To paraphrase, it would be 'I submit that upon the facts as shown by the evidence." Id. at 147. Therefore, the prosecutor's use of the words 'I submit' in this case cannot constitute an express voucher for the witness' credibility.
 
 III.
 
 14
 The government argued that this case could be disposed of under the 'concurrent sentence doctrine' without addressing the substantive arguments raised by the defendant. We rejected this alternative for several reasons. This doctrine, which is a discretionary tool allowing courts to not address challenges to one or more convictions where there is at least one valid conviction upholding the sentence, has not been adopted by this circuit. Rather, this court has followed the reasoning of Benton v. Maryland, 395 U.S. 784 (1969) which reasoned that a review of the substantive challenges should be conducted if there is a possibility of adverse 'collateral consequences.' Id. at 790. See, e.g., United States v. Maze, 468 F.2d 529, 536 n.6 (6th Cir. 1972) (concurrent sentence doctrine not applied because of the 'interest of appellant in the opportunity to clear his record of a conviction of a federal felony').
 
 
 15
 It has been recognized that the only real advantage of the concurrent sentence doctrine is judicial convenience. Benton v. Maryland, 395 U.S. at 790. In this case, as in Maze, the government has not convinced this court that judicial economy should prevail over the defendant's opportunity to eliminate one felony conviction from his record.
 
 
 16
 The order of the district court is hereby AFFIRMED.
 
 
 
 [1]
 Section 2312 states in pertinent part:
 Whoever transports in interstate or foreign commerce a motor vehicle or aircraft, knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both.
 Section 2 reads:
 (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
 (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.